

CV 13 — 6284

BLOCK, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCHAEVAUGHN WATT, ASHLEY LUMPKIN AND
AKEIM STURKEY,

                                  Plaintiffs,

                    -against-

THE CITY OF NEW YORK, NYPD OFFICER MICHAEL ESPINOSA,
NEW YORK CITY POLICE DEPARTMENT COMMISSIONER
RAYMOND KELLY, and JOHN DOE #1-5 (names and shield
Numbers are unknown at this time, and other unidentified
members of the New York City Police Department),

                                  Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN AND AKEIM STURKEY, by and through

their attorney, **MICHAEL J. FICCHI, JR., ESQ., PLLC,** complaining of the Defendants herein,

respectfully shows the Court and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff seeks relief for the Defendants'

violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the

United States Constitution, including its Fourth and Fourteenth Amendments, and by the

laws of the Constitution of the State of New York. The Plaintiffs are entitled to

compensatory damages for the harms they suffered as a result of the wrongful and

unconstitutional actions of the Defendants in falsely and unlawfully imprisoning and

arresting and maliciously prosecuting the Plaintiffs, punitive damages to punish and deter

the Defendants from engaging in similar unlawful acts in the future, an award of costs and

reasonable attorney's fees, and such other and further relief as this Court deems just and

equitable.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendment to the United States Constitution.  Accordingly, jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over Plaintiffs' claims under the laws of the State of New York pursuant to 28 U.S.C. § 1367 (a) because Plaintiffs' state law claims are so related to Plaintiffs' federal claims that they for part of the same case or controversy.

4.      Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 because the events or omissions giving rise to the Plaintiffs' claims occurred in this district.

## PARTIES

5.      Plaintiff SCHAEVAUGHN WATT, at all times hereinafter mentioned, is a citizen of the United States, residing in the State of New York, County of Kings.

6.      Plaintiff ASHLEY LUMPKIN, at all times hereinafter mentioned, is a citizen of the United States, residing in the State of New York, County of Kings.

7.      Plaintiff AKEIM STURKEY, at all times hereinafter mentioned, is a citizen of the United States, residing in the State of New York, County of Kings.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipality entitled, created, and authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10.     Defendants NYPD OFFICER MICHAEL ESPINOSA ("ESPINOSA"), and JOHN DOE #1-5 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK.

11.     Defendants ESPINOSA, and JOHN DOE #1-5 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties.

12.     Defendant ESPINOSA is being sued in his individual and official capacity.

13.     Defendants JOHN DOE #1-5 are being sued in their individual and official capacity.

14.     Defendant NEW YORK CITY POLICE DEPARTMENT COMMISSIONER RAYMOND KELLY ("KELLY"), is and was at all times relevant herein duly appointed and acting commissioner, employee, and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants KELLY, is and was at all times relevant herein acting under color of state law in the course and scope of his duties and function as, commissioner, agent, servant, and employee of

Defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful function in the course of his duties. Defendant KELLY was acting for, and on behalf of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK in his capacity as commissioner of the New York City Police Department.

15.     Defendant KELLY is sued individually and in his official capacity.

## STATEMENT OF FACTS

16.     On or about August 22, 2012, Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were arrested in the County of Kings by the New York City Police Department acting through their duly appointed agent, Defendant ESPINOSA and JOHN DOE #1-5.

17.     On or about August 22, 2012, Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were passengers in a passenger van returning home from Kings Plaza, a shopping center located in the County of Kings.

18.     Defendant MICHAEL ESPINOSA and JOHN DOE #1-5, performed a car stop on the passenger van inside of which Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY, along with other individuals, were seated.

19.     Defendant MICHAEL ESPINOSA and JOHN DOE #1-5, asked the Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY along with the other

occupants of the van to step out of the vehicle while they commenced numerous searches of the vehicle.

20.    Only after conducting these numerous searches of the passenger van did Defendants ESPINOSA and JOHN DOE #1-5 recover a .25 caliber pistol.

21.    Based upon the representations of the Office of the District Attorney, Kings County, the pistol was allegedly recovered from the inside of an air conditioner vent in the front section of the passenger van.

22.    Defendants MICHAEL ESPINOSA and JOHN DOE #1-5 then searched Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY and failed to recover anything.

23.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY neither owned nor operated the passenger van that was stopped and searched.

24.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were simply passengers in a passenger van.

25.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY had no knowledge of the pistol nor did they ever possess it.

26.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were brought to the 67th Precinct.

27.    While at the 67th Precinct, Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were questioned by the police about the pistol as well as other unrelated matters.

28.   Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY then appeared in Kings County Criminal Court and arraigned on the charge of violating New York Penal Law Section 265.01 (1)- Criminal possession of a weapon in the fourth degree by way of criminal complaint signed by Defendant ESPINOSA.

29.   Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY remained in custody for over twenty-four (24) hours before reaching said arraignment.

30.   The criminal complaints alleged that Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY acted in concert with each other and other passengers in the passenger van in possessing the pistol recovered from the air conditioning vent.

31.   The charges were thereafter dismissed by the Office of the District Attorney of Kings County on August 29, 2012.

32.   As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered great humiliation, costs, and expenses, and were otherwise damaged and injured.

33.   Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY served a valid notice of claim on the CITY OF NEW YORK within 90 days of the incident.

34.   A 50-h hearing of each Plaintiff was conducted.

35.   To date, THE CITY OF NEW YORK has neglected or refused to settle this matter administratively.

## AS AND FOR A FIRST CAUSE OF ACTION
(U.S.C. § 1983 Deprivation of Rights)

36.   Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37. At all times relevant herein, Defendant ESPINOSA and Defendants JOHN DOE #1-5 were acting under color of state law.

38. Defendant ESPINOSA and Defendants JOHN DOE #1-5 violated Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY'S rights under the Fourth Amendment of the United States Constitution when they imprisoned and arrested the Plaintiffs without probable cause or other legal justification.

39. Defendant ESPINOSA and Defendants JOHN DOE #1-5 intended to confine and did confine the Plaintiffs.

40. Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were conscious of the confinement.

41. Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY did not consent to the confinement.

42. There was no probable cause or other legal justification for Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY'S arrests and imprisonment.

43. The confinement was not otherwise privileged.

44. By their conduct and actions in arresting and imprisoning Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY, and in failing to protect them from the unjustified and unconstitutional treatment they received at the hands of Defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs'

constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

45.     As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered great humiliation, costs, expenses, mental anguish, emotional distress, insult, embarrassment and were otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Municipal Liability of Defendant the City of
New York for Constitutional Violations, Negligent Hiring, Screening, Retention, Supervision, and Training)

46.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47.     At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants ESPINOSA and JOHN DOE #1-5 had de facto policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants ESPINOSA and JOHN DOE #1-5 had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this complaint, Defendant KELLY, acting as commissioner of the New York City Police Department, acting through the police department, and through Defendants ESPINOSA and JOHN DOE #1-5 put into effect de facto policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this Complaint, Defendant KELLY, acting as commissioner of the New York City Police Department and through its police department, and through Defendants ESPINOSA and JOHN DOE #1-5 placed into effect de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered great humiliation, costs, and expenses, and were otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

52.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53.     Defendant ESPINOSA and Defendants JOHN DOE #1-5 intended to confine and did confine the Plaintiff.

54.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were conscious of the confinement.

55.    Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY did not consent to the confinement.

56.    There was no probable cause or other legal justification for Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY'S arrest and imprisonment.

57.    The confinement was not otherwise privileged.

58.    By the actions described above, Defendants KELLY, ESPINOSA and JOHN DOE #1-5 falsely arrested and imprisoned Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59.    Defendant CITY OF NEW YORK, as the employer of the Individual Defendants, is responsible for the Individual Defendants wrongdoing under the doctrine of respondeat superior.

60.    As a result of the foregoing, Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were deprived of their liberty, suffered great humiliation, costs, and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

61.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62.     By the actions described above, Defendants KELLY, ESPINOSA and JOHN DOE #1-5 maliciously prosecuted or caused to be maliciously prosecuted Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY.

63.     Defendant ESPINOSA and Defendants JOHN DOE #1-5 commenced and continued a criminal proceeding against Plaintiff SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY and for each of the charges for which they were prosecuted.

64.     The prosecution and criminal proceedings terminated favorably for Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY.

65.     The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

66.     Defendant CITY OF NEW YORK, as the employer of the Individual Defendants, is responsible for the Individual Defendants wrongdoing under the doctrine of respondeat superior.

67.     As a result of the foregoing, Plaintiffs SCHAEVAUGHN WATT, ASHLEY LUMPKIN and AKEIM STURKEY were deprived of their liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

        **WHEREFORE,** Plaintiffs prays for relief as follows:

        a.  Compensatory damages in the amount of $150,000 (One Hundred Fifty Thousand Dollars) in favor of Plaintiff ASHLEY LUMPKIN and against the

Individual Defendants ESPINOSA, JOHN DOE #1-5 and KELLY, and the CITY OF NEW YORK, jointly and severally, together with interests thereon;

b.  Compensatory damages in the amount of $150,000 (One Hundred Fifty Thousand Dollars) in favor of Plaintiff SCHAEVAUGHN WATT and against the Individual Defendants ESPINOSA, JOHN DOE #1-5 and KELLY, and the CITY OF NEW YORK, jointly and severally, together with interests thereon;

c.  Compensatory damages in the amount of $150,000 (One Hundred Fifty Thousand Dollars) in favor of Plaintiff SCHAEVAUGHN WATT and against the Individual Defendants ESPINOSA, JOHN DOE #1-5 and KELLY, and the CITY OF NEW YORK, jointly and severally, together with interests thereon;

d.  Punitive damages in the amount of $450,000.00 (Four Hundred Fifty Thousand Dollars) in favor of the Plaintiffs and against the Individual Defendants ESPINOSA, JOHN DOE #1-5 and KELLY;

e.  Costs and attorney's fees; and

f.  Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
      November 13, 2013

Yours, etc.
MICHAEL J. FICCHI, JR., ESQ., PLLC
Counsel for Plaintiffs

By: Michael J. Ficchi, Jr.
706 5th Avenue
Brooklyn, New York 11215
(718) 788-2856